## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

EURAL SCURLARK, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

CAPIO PARTNERS, LLC,

    Defendant.

Case No. 3:20-cv-03153

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, EURAL SCURLARK , individually, and on behalf of all others similarly situated, through his undersigned counsel, and pursuant to Fed. R. Civ. P. 23 asserting the following claims against Defendant, CAPIO PARTNERS, LLC:

## NATURE OF THE ACTION

1.    This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    EURAL SCURLARK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    CAPIO PARTNERS, LLC ("Defendant") is a corporation organized under the laws of Texas.

7.      Defendant maintains its principal place of business in Sherman, Texas.

8.      Defendant specializes in the purchase and collection of aged healthcare debt.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt, and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.     Plaintiff obtained medical services from Methodist Richardson Medical Center.

11.     Due to financial difficulty, Plaintiff was unable to pay for the medical services he received from Methodist Richardson Medical Center ("subject debt").

12.     Soon thereafter, the subject debt was either purchased by Defendant or placed with Defendant for collection.

13.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, or household purposes.

14.     On July 14, 2020, Defendant sent Plaintiff a dunning letter seeking to collect the subject debt ("Collection Letter").

15.     The Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16.     The Collection Letter was the first written communication sent by Defendant to Plaintiff.

17.     The Collection Letter depicted, in pertinent part:


**Intentionally left blank**


2



**P A R T N E R S**
2222 Texoma Pkwy, Ste 150
Sherman, TX 75090

| Re: | Methodist Richardson Medical Center | |
|---|---|---|
| Patient: | Eural Scurlark | |
| Account # | Date of Service | Balance Due |
| 4214773 | 04/21/2017 | $1250.00 |

July 14, 2020

We have been authorized to extend to you a special offer to resolve this account for $750.00. This offer will save you 40%. If you choose to accept this offer, payment must be received on or before 08/18/2020.

This offer only applies to the account listed above and does not apply to any other hospital accounts you may have. If you elect not to accept this offer, our normal collection efforts will continue.

We offer several payment options. We can accept your payment information over the telephone, you can mail your payment to our office or pay your account online at our secure web portal listed below. Thank you for your attention to this matter and we sincerely hope you will take advantage of this offer. If you have any questions, please call 888-993-3593.

This offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described on the reverse side. If you do not accept this offer you are not giving up any of your rights regarding this debt.

Sincerely,
Capio Partners, LLC

Office hours are Monday through Thursday 8AM to 7PM, Friday 8AM to 5PM and Saturday 8AM to NOON, Central Time.

18.    The Collection Letter proposed to resolve the subject debt for $750.00.

19.    Specifically, the Collection Letter stated:

> We have been authorized to extend to you a *special offer* to resolve this account for $750.00 This offer will save you 40%. If you choose to accept this offer, payment must be received on or before 8/18/20. (emphasis added)

20.    The Collection Letter further stated:

> Thank you for your attention to this matter and we sincerely hope you will take advantage of this offer.

21.    The Collection Letter created a false sense of urgency to pay because it implied that the offer to settle the subject debt for 40% of the balance would expire on 08/18/2020.

3

22.     However, Defendant's 40% offer to settle the subject debt was (1) perpetual and (2) extended to hundreds if not thousands of similarly situated consumers, and thus was by no means a "special offer."

23.     Defendant deliberately designed the language contained in the Collection Letter to create a false sense of urgency and pressure Plaintiff into making a prompt payment on the subject debt to avoid missing out on the "special offer."

24.     Moreover, the Collection Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

25.     Specifically, the Collection Letter failed to identify to whom the debt was owed to as required by §1692g(a)(2) of the FDCPA.

26.     The Collection Letter did not make any conspicuous reference to the original creditor let alone the creditor to whom the debt is currently owed to.

27.     Instead, the Collection Letter simply listed the medical service provider as follows: "Re: Methodist Richardson Medical Center."

28.     The Collection Letter confused Plaintiff as he was unable to determine if Methodist Richardson Medical Center was the original creditor and the current creditor or if the subject debt was sold or assigned to a third party.

29.      Further obscuring the identity of the current creditor, the Collection Letter requested that payment be made to Defendant, leading Plaintiff to believe that Defendant may be the entity to whom the debt is owed to.

30.     Accordingly, the Collection Letter confused Plaintiff as he was unable to determine whether "Methodist Richardson Medical Center," Defendant , or an unknown third party was the current creditor to whom the subject debt is owed to.

31.     The confusing language in the Collector Letter impacted Plaintiff's decision to pay the subject debt as Plaintiff was deprived of his right to receive critical information required by the FDCPA.

## CLASS ALLEGATIONS

32.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33.     Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Classes").

34.     The Putative Classes are defined as follows:

### Special Offer Class

All natural persons residing in the State of Texas (a) that received a correspondence from Defendant in connection with the collection of a debt; (b) referencing Methodist Richardson Medical Center; (c) containing similar settlement offer language highlighted in Paragraphs 19-20; (d) within the one (1) year preceding the date of this complaint through the date of class certification.

### Current Creditor Class

All natural persons residing in the State of Texas (a) that received a correspondence from Defendant in connection with the collection of a debt; (b) referencing Methodist Richardson Medical Center; (c) that failed to conspicuously identify the current creditor; (d) within the one (1) year preceding the date of this complaint through the date of class certification.

35.     The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such excluded

5

persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity:**

36.     Upon information and belief, Defendant mailed hundreds of letters to consumers in Texas with the identical format and language contained in the Collection Letter.

37.     The exact number of members of the Putative Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

38.     Members of the Putative Classes can be objectively identified from records of Defendant to be gained in discovery.

**B.     Commonality and Predominance:**

39.     There are many questions of law and fact common to the claims of Plaintiff and the members of the Putative Classes, and those questions predominate over any questions that may affect individual members of the Putative Classes.

**C.     Typicality:**

40.     Plaintiff's claims are representative of the claims of other members of the Putative Classes.

41.     Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability:**

42.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43.     The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

44.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation:**

46.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

47.     Plaintiff has no interests antagonistic to those of the Putative Classes and Defendant has no defenses unique to Plaintiff.

48.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**Count I – Violations of Sections 1692e and e(10) of the FDCPA**
**(On behalf of Plaintiff, individually, and Members of the Putative Class)**

49.     Plaintiff restates and incorporates all preceding paragraphs as if fully set forth herein.

50.     Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

51.     Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

52.     The Collection Letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the "special offer" was open for a limited amount of time when in reality it was open perpetually and was in no way unique to Plaintiff and the members of the Special Offer class.

53.     Specifically, the Collection Letter was misleading because Defendant's 40% offer to settle the subject debt was extended to hundreds of similarly situated consumers, and thus was by no means a "*special* offer." (emphasis added)

54.     As a result of the language contained in the Collection Letter, Plaintiff was misled into believing that the "special offer" was unique to him and would expire on 8/18/20, thus creating a false sense of urgency to take advantage of the "special offer" by 8/18/20.

55.     As the Seventh Circuit Court of Appeals in *Evory v. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) eloquently explained:

> "There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer." *Id.*

56.     Notably, the Collection Letter did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any offers provided," which was designed to balance the interests of consumers and debt collectors. *Id.* at 776.

**WHEREFORE**, Plaintiff, EURAL SCURLARK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.     Declaring that Defendant violated Sections 1692e and e(10) of the FDCPA;

b.     Awarding Plaintiff statutory damages and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.     Awarding Class Members statutory damages and actual damages; in an amount to be determined at trial;

d.      Awarding Plaintiff and Class Members their attorney's fees and costs pursuant to 15 U.S.C. §1692k; and

e.      Awarding any other relief as the Honorable Court deems just and proper.

**<u>Count II – Violations of Section 1692g(a)(2) of the FDCPA</u>**
**(On behalf of Plaintiff, individually, and Members of the Putative Class)**

57.     Plaintiff restates and incorporates all preceding paragraphs as if fully set forth herein

**Violation of 15 U.S.C. § 1692g**

58.     Section 1692g(a) of the FDCPA provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1)     the amount of the debt;

(2)     **the name of the creditor to whom the debt is owed**;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

59.     Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the conspicuous identity of the current creditor.

60.     Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

61.     Specifically, Defendant violated §1692g(a)(2) by failing to identify the current creditor to whom the subject debt is owed.

62.     As set forth above, the Collection Letter confused Plaintiff as he was unable to determine whether Methodist Richardson Medical Center, Defendant , or an unknown third party was the current creditor to whom the subject debt is owed to

63.     The confusing and misleading nature of the Collection Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

64.     Assuming that Methodist Richardson Medical Center is in fact the creditor to whom the debt is owed, the Collection Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.*, 948 F.3d 761, 765 (7th Cir. 2020).

**WHEREFORE**, Plaintiff, EURAL SCURLARK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.      Declaring that Defendant violated Section 1692g(a)(2) of the FDCPA;

b.      Awarding Plaintiff statutory damages and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.      Awarding the Class Members statutory damages and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d.      Awarding Plaintiff and the Class Members their attorney's fees and costs pursuant to 15 U.S.C. §1692k; and

e.      Awarding any other relief as the Honorable Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 16, 2020                                        Respectfully submitted,

**EURAL SCURLARK**

By: <u>/s/ *Mohammed O. Badwan*</u>

Mohammed Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com